**FILED**
**Oct 27, 2023**
**11:09 AM(ET)**
**TENNESSEE COURT OF**
**WORKERS' COMPENSATION**
**CLAIMS**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Devontay Craig,** | ) | **Docket No.: 2023-01-5358** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Shimmick Construction Co., Inc.,** | ) | **State File No.: 56772-2021** |
| **Employer,** | ) | |
| **And** | ) | |
| **Ace American Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

The Court heard Shimmick's Motion for Summary Judgment on October 26, 2023, on whether Mr. Craig's claim is barred by the statute of limitations. For the reasons below, the Court holds it is and grants Shimmick's motion.

### Claim History

Mr. Craig filed a Petition for Benefit Determination on July 20, 2021, alleging that he injured his right leg on June 21, 2021, while moving scaffolding. Shimmick authorized treatment with Dr. Todd Grebner, who later stated Mr. Craig's right-leg condition did not primarily arise from his employment.

Shimmick filed a Notice of Denial based on Dr. Grebner's causation opinion. After Shimmick's denial, a Bureau mediator issued a Dispute Certification Notice. Mr. Craig did not file a hearing request within sixty days.

The Court entered an Order of Dismissal Without Prejudice on January 26, 2022, and Mr. Craig filed a second petition on March 24, 2023. Shimmick moved for summary judgment, arguing that the claim is time-barred. In support of its motion, a claims manager's affidavit confirmed that Shimmick's last payment for benefits occurred on October 25, 2021.

Mr. Craig appeared for the motion hearing but did not file a response.

1

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Shimmick must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Mr. Craig's claim, or (2) demonstrate that Mr. Craig's evidence is insufficient to establish an essential element of his claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis*, *MPLLC,* 477 S.W.3d 235, 264 (Tenn. 2015). If Shimmick does either or both, Mr. Craig must respond by producing specific facts showing a genuine issue for trial. *Id*.; Tenn. R. Civ. P. 56.06.

Shimmick argued the Court should grant summary judgment because it demonstrated that Mr. Craig failed to timely file a petition, so his claim is time-barred. Tennessee Code Annotated section 50-6-203(b)(2) governs the time within which a petition must be filed when an employer has voluntarily provided benefits, as in this case. Specifically, within one year after the work accident, the right to compensation is forever barred unless a petition is filed within one year from the time the employer "ceased to make payments of compensation to or on behalf of the employee."

Here, the undisputed facts show that Shimmick last made a payment of benefits on October 25, 2021, but Mr. Craig did not file his second petition until March 24, 2023. An employee whose claim is involuntarily dismissed must refile a petition within the required timeframe. *Day v. Great Salons of Knoxville, Inc.,* 2021 TN Wrk. Comp. App. Bd. LEXIS 7, at *11 (Feb. 24, 2021). Section 50-6-203(b)(2) required Mr. Craig to file his second petition on or before October 25, 2022, which he did not do. Therefore, Shimmick negated an essential element of his claim, and it also demonstrated that his evidence is insufficient to establish an essential element of his claim. Shimmick's Motion for Summary Judgment is granted.[1]

**IT IS THEREFORE ORDERED** as follows:

1. Mr. Craig's claim for workers' compensation benefits is dismissed with prejudice to its refiling. Unless appealed, this order shall become final in thirty days.

2. Shimmick shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations

---

[1] Given this ruling, it is unnecessary to address the recently filed motion to compel discovery responses.

0800-02-21-.06.

3.  Shimmick shall file the Form SD-2 with the Clerk within ten business days of this order becoming final.

**ENTERED October 27, 2023.**

_Audrey A. Headrick_
**Audrey A. Headrick**
**Workers' Compensation Judge**

## CERTIFICATE OF SERVICE

I certify that a copy of this Order was sent as indicated on October 27, 2023.

| Name | Certified Mail | Email | Service sent to: |
|---|---|---|---|
| Devontay Craig, Employee | X | X | 14789supa@gmail.com<br>6882 Spence Lane<br>Chattanooga, TN 37341 |
| John Barringer, Employer's Attorney | | X | jbarringer@manierherod.com |

/s/Penny Shrum          w/permission JD

_____

Penny Shrum, Court Clerk

WC.CourtClerk@tn.gov

4

For notices of appeal filed on or after July 1, 2022.



<u>Compensation Order Right to Appeal</u>:

If you disagree with this Compensation Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims *within thirty calendar days* of the date the Compensation Order was filed. When filing the Notice of Appeal, you must serve a copy upon the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. The Court Clerk will prepare the technical record and exhibits for submission to the Appeals Board, and you will receive notice once it has been submitted. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. A licensed court reporter must prepare a transcript, and you must file it with the Court Clerk *within fifteen calendar days* of filing the Notice of Appeal. Alternatively, you may file a statement of the evidence prepared jointly by both parties *within fifteen calendar days* of filing the Notice of Appeal. The statement of the evidence must convey a complete and accurate account of the testimony presented at the hearing. The Workers' Compensation Judge must approve the statement of the evidence before the record is submitted to the Appeals Board. If the Appeals Board must review testimony or other proof concerning factual matters, the absence of a transcript or statement of the evidence can be a significant obstacle to meaningful appellate review.

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties. You have *fifteen calendar days* after the date of that notice to file a brief to the Appeals Board. *See the Rules governing the Workers' Compensation Appeals Board on  the Bureau's website*

***For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.***

**If neither party timely files an appeal with the Appeals Board, the trial court's Order will become final by operation of law thirty calendar days after entry. Tenn. Code Ann. § 50-6-239(c)(7).**



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

Docket No.: _____

State File No.: _____

Date of Injury: _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies). Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____      ☐ Motion Order filed on _____

☐ Compensation Order filed on_____      ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____
_____
_____
_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

### CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____
*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____        2. Address: _____

3. Telephone Number: _____        4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

_____ Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

LB-1108 (REV 11/15)                                                    RDA 11082

9. My expenses are:

Rent/House Payment $ _____ per month     Medical/Dental   $ _____ per month

| | | |
|---|---|---|
| Groceries | $ _____ per month | Telephone     $ _____ per month |
| Electricity | $ _____ per month | School Supplies $ _____ per month |
| Water | $ _____ per month | Clothing     $ _____ per month |
| Gas | $ _____ per month | Child Care     $ _____ per month |
| Transportation | $ _____ per month | Child Support   $ _____ per month |
| Car | $ _____ per month | |
| Other | $ _____ per month (describe: _____ ) | |

10. Assets:

| | | |
|---|---|---|
| Automobile | $ _____ | (FMV) _____ |
| Checking/Savings Acct. | $ _____ | |
| House | $ _____ | (FMV) _____ |
| Other | $ _____ | Describe: _____ |

11. My debts are:

| Amount Owed | To Whom |
|---|---|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires: _____

LB-1108 (REV 11/15)            RDA 11082